**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 100% SPEEDLAB, LLC, a California limited liability company,<br><br>Plaintiff,<br>v.<br><br>RECKLESS VISION COMPANY LLC, a New York limited liability company,<br><br>Defendant. | Case No. 1:26-cv-7429<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff 100% Speedlab, LLC ("100%" or "Plaintiff") alleges against Defendant Reckless Vision Company LLC ("Reckless" or "Defendant"), as follows:

**NATURE OF THE CASE**

This is a civil action for:

(a) utility patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. §§ 271 and 281; and

(b) design patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. §§ 271, 281, and 289.

**THE PARTIES**

1. Plaintiff 100% Speedlab, LLC is a California limited liability company having a principal place of business located at 10792 Roselle St., San Diego, California 92121. 100% Speedlab, LLC is the owner of the patent rights described herein.

2. On information and belief, Defendant Reckless is a New York limited liability company having a principal place of business located at 1589 New Hackensack Road, Wappingers Falls, New York 12590 and/or 1447 US-44, Pleasant Valley, New York 12569.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), because this case involves a federal question arising under the patent laws of the United States.

4. This Court has personal jurisdiction in this action over Reckless, because, on information and belief, Reckless is organized in New York and has its principal place of business in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1400 because Defendant, upon information and belief, has committed acts of patent infringement in this district and has a regular and established place of business in this district.

## FACTUAL ALLEGATIONS

### A. Plaintiff

6. 100% markets, offers, and sells various racing and sports gear products, including goggles, sunglasses, lenses, and other eyewear and accessories, with original, ornamental, novel, and non-obvious designs and useful, novel, and non-obvious designs, throughout the United States through various channels, including through its website at www.100percent.com and through authorized third-party online and retail shops.

***The Asserted Patents***

7. 100% owns all right, title and interest in and to U.S. Patent No. 9,839,558 ("the '558 patent"), titled "ROLL-OFF FILM SYSTEM," including the right to sue thereon and the right to recover for infringement thereof. The '558 patent issued December 12, 2017 and will expire November 6, 2035. A copy of the '558 patent is attached hereto as **Exhibit A**. The '558 patent

gives 100% the right to exclude others from making, using, offering for sale, selling, or importing the claimed invention within or into the United States.

8. 100% owns all right, title and interest in and to U.S. Patent No. 10,751,218 ("the '218 patent"), titled "AIR COOLED GOGGLE," including the right to sue thereon and the right to recover for infringement thereof. The '218 patent issued August 25, 2020 and will expire February 2, 2035. A copy of the '218 patent is attached hereto as **Exhibit B**. The '218 patent gives 100% the right to exclude others from making, using, offering for sale, selling, or importing the claimed invention within or into the United States.

9. 100% owns all right, title and interest in and to U.S. Design Patent No. D1,043,799 ("the '799 patent"), titled "GOGGLES," including the right to sue thereon and the right to recover for infringement thereof. The '799 patent issued September 24, 2024 and will expire September 24, 2039. A copy of the '799 patent is attached hereto as **Exhibit C**. The '799 patent gives 100% the right to exclude others from making, using, offering for sale, selling, or importing the claimed design within or into the United States.

10. 100% owns all right, title and interest in and to U.S. Design Patent No. D755,278 ("the '278 patent"), titled "CANISTERS FOR A ROLL OFF FILM SYSTEM," including the right to sue thereon and the right to recover for infringement thereof. The '278 patent issued May 3, 2016 and will expire May 3, 2030. A copy of the '278 patent is attached hereto as **Exhibit D**. The '278 patent gives 100% the right to exclude others from making, using, offering for sale, selling, or importing the claimed design within or into the United States.

11. The '558 patent, the '218 patent, the '799 patent, and the '278 patent are collectively referred to herein as "the Asserted Patents." The products of 100% embodying the '218 Patent were properly marked at least in accordance with 35 U.S.C. § 287(a). As to the '558

patent, the ’799 patent, and the ’218 patent, 100% at least satisfies the notice requirements of Section 287(a) through actual notice.

**B. <u>Defendant Reckless</u>**

12. Reckless is advertising and selling eyewear products marketed under the name “Carnage” or similar, including goggles, lenses, and roll-off system products, in the United States and elsewhere, through its retail website located at https://recklessgoggles.com and third-party resellers. Screenshots from Reckless’ retail website (as of August 27, 2026) are attached hereto as **<u>Exhibit E</u>**.

13. The products offered for sale and sold by Reckless under the name “Carnage” or similar (“the Accused Products”) infringe one or more of the Asserted Patents. Representative images of the Accused Products, including from samples purchased through Reckless’ retail website and from the product images on Reckless’ retail website, are shown below.















14. Reckless is a direct competitor of 100%.

15. On or about April 1, 2026, 100% provided Reckless with actual notice of the ’558 patent, the ’218 patent, and the ’799 patent and its respective infringement by the Accused Products via a cease-and-desist letter. Despite receiving this notice, Reckless has continued to make, use, import, offer, and/or sell the Accused Products.

16. Plaintiff has not licensed any rights under any of the Asserted Patents to Reckless and Reckless is not authorized by Plaintiff in any way to make, use, import, offer to sell, and/or sell the Accused Products or use the Asserted Patents.

17. Reckless is willfully infringing the ‘558 patent, the ’218 patent, and the ’799 patent.

## FIRST CLAIM FOR RELIEF
## (INFRINGEMENT OF THE ’558 PATENT)

18. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this complaint as though set forth fully herein.

19. Reckless has infringed and is infringing the ’558 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Products. Attached as **Exhibit F** is a claim chart outlining the infringement analysis for the ’558 patent.

20. Reckless’ infringement of the ’558 patent has been and continues to be willful.

21. 100% has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Reckless.

22. 100% has suffered, and will continue to suffer, permanent and irreparable injury for which 100% has no adequate remedy at law.

23. 100% has never authorized Reckless to make, use, offer to sell, sell, and/or import into the United States products covered by the ’558 patent.

24. Infringement by Reckless will continue unless enjoined by this court.

25. 100% is entitled to relief as provided by 35 U.S.C. §§ 281 and 283-285 and such other and further relief as the Court deems just and proper.

26. This is an exceptional case within the meaning of 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE '218 PATENT)**

27. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this complaint as though set forth fully herein.

28. Reckless has infringed and is infringing the '218 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Products. Attached as **Exhibit G** is a claim chart outlining the infringement analysis for the '218 patent.

29. Reckless' infringement of the '218 patent has been and continues to be willful.

30. 100% has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Reckless.

31. 100% has suffered, and will continue to suffer, permanent and irreparable injury for which 100% has no adequate remedy at law.

32. 100% has never authorized Reckless to make, use, offer to sell, sell, and/or import into the United States products covered by the '218 patent.

33. Infringement by Reckless will continue unless enjoined by this court.

34. 100% is entitled to relief as provided by 35 U.S.C. §§ 281 and 283-285 and such other and further relief as the Court deems just and proper.

35. This is an exceptional case within the meaning of 35 U.S.C. § 285.

**THIRD CLAIM FOR RELIEF**

**(INFRINGEMENT OF THE ’799 PATENT)**

36. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this complaint as though set forth fully herein.

37. Reckless has infringed and is infringing the ’799 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Products.

38. Reckless’ infringement of the ’799 patent has been and continues to be willful.

39. 100% has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Reckless.

40. 100% has suffered, and will continue to suffer, permanent and irreparable injury for which 100% has no adequate remedy at law.

41. 100% has never authorized Reckless to make, use, offer to sell, sell, and/or import into the United States products covered by the ’799 patent.

42. Infringement by Reckless will continue unless enjoined by this court.

43. 100% is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289 and such other and further relief as the Court deems just and proper.

44. This is an exceptional case within the meaning of 35 U.S.C. § 285.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF THE ’278 PATENT)**

45. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this complaint as though set forth fully herein.

46. Reckless has infringed and is infringing the ’278 patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Products.

47. 100% has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Reckless.

48. 100% has suffered, and will continue to suffer, permanent and irreparable injury for which 100% has no adequate remedy at law.

49. 100% has never authorized Reckless to make, use, offer to sell, sell, and/or import into the United States products covered by the ’278 patent.

50. Infringement by Reckless will continue unless enjoined by this court.

51. 100% is entitled to relief as provided by 35 U.S.C. §§ 281, 283-285, and 289 and such other and further relief as the Court deems just and proper.

52. This is an exceptional case within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That Reckless has infringed, and is infringing, the Asserted Patents, in violation of 35 U.S.C. §§ 271, 281, and 289;

B. That Reckless has willfully infringed one or more of the Asserted Patents;

C. That Reckless be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Products and any other Reckless products found to infringe the Asserted Patents;

D. That Reckless be required to deliver to 100% for destruction any and all articles in its possession and/or under its control that infringe the Asserted Patents, including but not limited to all existing Accused Products;

E. That Reckless be ordered to pay 100% the damages that 100% has suffered due to patent infringement by Reckless, together with interest thereon;

F. That Reckless be ordered to account for and pay 100% the total profits that 100% has lost as a result of the infringement by Reckless of the Asserted Patents and/or a reasonable royalty, as applicable, per 35 U.S.C. § 284;

G. That Reckless be ordered to account for and pay 100% the total profits Reckless has received from the sale of products infringing the Asserted Patents, as applicable, per 35 U.S.C. § 289;

H. That this case be declared exceptional pursuant to 35 U.S.C. § 285; and that 100% be awarded its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and that 100% be awarded enhanced damages, up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284, based on Reckless' willful infringement of one or more of the Asserted Patents; and

I. That Plaintiff be awarded such other and further relief as the Court and/or a jury deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 31st day of August, 2026.

Respectfully submitted,

Cameron S. Reuber (CR7001)
Lori L. Cooper (LC1016)
Matthew L. Frisbee (5195615)
LEASON ELLIS LLP
One North Lexington Ave., Suite 1200
White Plains, NY 10601
Tel: 914-288-0022
Fax: 914-288-0023
Email: reuber@leasonellis.com
Email: cooper@leasonellis.com
Email: frisbee@leasonellis.com
Email: lelitdocketing@leasonellis.com

Thomas J. Romano (*pro hac vice* forthcoming)
Kolitch Romano Dascenzo Gates LLP
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329
Email: tj@krdglaw.com

*Attorneys for Plaintiff*
*100% SPEEDLAB, LLC*